IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re:<br><br>MARK J. STILLMUNKES,<br><br>        Debtor.<br><br>BUSHMAN CUSTOM FARMING, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>MARK J. STILLMUNKES, MCDERMOTT OIL CO.,<br><br>        Defendants. | Chapter 12<br><br>Bankruptcy No. 19-01011<br><br>Adversary No. 19-09032 |

## RULING ON MOTIONS TO DISMISS OR ABSTAIN

This Court held a telephonic hearing on January 24, 2020 on Defendants' Motions to Dismiss or Abstain for Lack of Subject Matter Jurisdiction. Defendants McDermott Oil Co. ("McDermott Oil") and Mark J. Stillmunkes ("Stillmunkes") filed the Motions. Plaintiff Bushman Custom Farming, LLC ("Bushman") resisted and alternatively requested, if the Court does dismiss or abstain from hearing this case, that the Court lift the automatic stay and transfer the case to the appropriate Iowa District Court instead of dismissing here. Stephanie Hinz appeared on behalf of Defendant, McDermott Oil Co. Gina Kramer appeared on behalf of Defendant

and Debtor, Mark J. Stillmunkes. Thomas Fiegen appeared on behalf of Plaintiff, Bushman Custom Farming, LLC.

## STATEMENT OF THE CASE

Bushman brought this case to recover for Breach of Contract, Breach of Warranty, and Products Liability. Bushman alleges its claims arise from defective oil provided to Bushman during performance of a custom harvesting contract for Debtors. Bushman asserts this Court has jurisdiction under the "related to" bankruptcy jurisdiction provisions. See 28 U.S.C. § 157(c)(1). Defendants argue "related to" jurisdiction does not exist here. Defendants assert Bushman's claims are purely state law causes of action unrelated to the bankruptcy case, Bushman asserts a small claim for a relatively small amount here, Stillmunkes has not objected to Bushman's proof of claim, and any judgment against McDermott Oil, a third-party defendant, would have no impact on bankruptcy administration. Defendants also assert that this Court should abstain from exercising jurisdiction even if it does exist, noting the cost of litigation would ultimately leave less money for unsecured creditors—like Bushman. Bushman asks that if this Court finds that it lacks jurisdiction or should abstain that the Court transfer the case to the appropriate Iowa District Court instead of dismissing. For the reasons that follow, the Court will abstain from exercising jurisdiction and transfer this case to the Iowa District Court for the Seventh Judicial District in Jackson County.

## CONCLUSIONS OF LAW AND ANALYSIS

### A. Subject Matter Jurisdiction

United States District Courts have jurisdiction over "all cases under title 11" and "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a)-(b) (2020). "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a) (2020). The District Court for the Northern District of Iowa has issued a standing order that all such cases should be transferred to this Court. *In the Matter of Referral of Bankruptcy Cases*, Public Administrative Order No. 07-AO-19-P (Dec. 5, 2007).

The U.S. Code further distinguishes between core proceedings, which "[b]ankruptcy judges may hear and determine," and non-core, related proceedings, which bankruptcy judges may hear, but which require the bankruptcy judges to "submit proposed findings of fact and conclusions of law to the district court," unless the district court refers the decision of the case to the bankruptcy judge "with the consent of all the parties to the proceeding." 28 U.S.C. §§ 157(b)(1), 157(c) (2020). "The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under

3

this subsection or is a proceeding that is otherwise related to a case under title 11." 28 U.S.C. § 157(b)(3) (2020).

The parties agree that this case is not a core proceeding. The dispute concerns whether this adversary case is "otherwise related to" the bankruptcy case. The Court finds that both the cases against Stillmunkes and McDermott Oil are related cases, and this Court has subject matter jurisdiction over them.

The test for "related to" jurisdiction in the Eighth Circuit is "the conceivable effect test":

> [T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in the bankruptcy….
>
> An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action … and which in any way impacts upon the handling and administration of the bankruptcy estate.

Specialty Mills, Inc. v. Citizens State Bank, 51 F.3d 770, 774 (8th Cir. 1995) (quoting In re Dogpatch U.S.A., Inc., 810 F.2d 782, 786 (8th Cir. 1987)) (alterations in original); In re Farmland Industries, Inc., 567 F.3d 1010, 1019 (8th Cir. 2009). This test provides a very broad grant of jurisdiction. Farmland, 567 F.3d at 1019. "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." Celotex Corp. v. Edwards, 514

4

U.S. 300, 308 (1995) (quoting <u>Pacor, Inc. v. Higgins</u>, 743 F.2d 984, 994 (3d Cir. 1984)) (also noting that that "'related to' jurisdiction cannot be limitless").

Under this broad grant of jurisdiction, the arguments that this court entirely lacks "related to" jurisdiction in the case against Stillmunkes are without merit. The result of this case could change the value of Bushman's allowed claim, even though Debtor has not objected to it and it is small relative to Stillmunkes' overall liabilities. Any change in the value of Bushman's allowed claim would alter claims liabilities and potential distributions. Such a change "could conceivably have any effect on the estate being administered in bankruptcy" by changing the amount Bushman and other creditors receive. This Court finds that it has "related to" jurisdiction over Bushman's case against Stillmunkes.

Whether the Court has jurisdiction over Bushman's case against McDermott Oil requires additional analysis. The result of a lawsuit between a creditor and a third-party defendant does not necessarily affect the bankruptcy estate. The Bushman-McDermott litigation could, however, potentially impact Bushman's claim against Stillmunkes. One case in particular illustrates how this could occur: <u>Holmes v. Deutsche Bank National Trust Co.</u> (<u>In re Holmes</u>), 387 B.R. 591 (Bankr. D. Minn. 2008).

In <u>Holmes,</u> the Court found that it had "related to" jurisdiction over a case brought by a creditor against a third party. <u>Id.</u> at 601–02 (abstaining from

5

jurisdiction due to the attenuated nature of the case, despite the determination that jurisdiction existed). The debtors had initially filed an adversary suit against the creditor to determine the validity of a mortgage. Id. at 596. The creditor, in turn, interpled the third party. Id. at 596–97. The creditor claimed that the third party was responsible for any defects in the mortgage and would need to make the creditor whole for any lost value based on those defects. Id. at 597, 601. The Court found it had "related to" jurisdiction over the case:

> The second part of the analysis is more refined. Were Deutsche Bank [the Creditor] to prevail on its claims against Signature [the third party], the collection on a judgment would not directly benefit the Debtors' bankruptcy estate. The recovery would go solely to Deutsche Bank, on account of an adjudged loss of Deutsche Bank's status as a secured party. The adjudication would avail Deutsche Bank of a collateral source of satisfaction from a third party, on a claim that it otherwise could assert against the bankruptcy estate. If the administration of the bankruptcy estate had not been completed, Deutsche Bank's recovery from Signature would have an indirect effect on the administration: any amount so received would reduce the amount of any unsecured claim that could be allowed in favor of Deutsche Bank. In turn, Deutsche Bank's pro rata share of the full amount of a distribution to unsecured creditors would be reduced.

Id. at 601.

There are differences between this case and the situation in Holmes. In Holmes, the creditor-defendant sought indemnity or contribution from the third party. See id. Here, Bushman seeks to make the third party jointly liable with the debtor for their alleged damages. This difference, however, does not require a different result. Bushman is seeking to establish an alternative source of payment

6

for a part of its claim.  This would, if successful, reduce the amount of the creditor's allowed claim in the bankruptcy administration.  The reasoning of Holmes applies and this Court adopts it here.  The Court has "related to" jurisdiction over Bushman's claim against McDermott Oil.

## B.  Abstention

Stillmunkes and McDermott Oil have also asked this Court to abstain from hearing this case under 28 U.S.C. § 1334(c)(1).  Section 1334(c) is broken into two subsections—permissive and mandatory abstention.  Subsection (1), the permissive abstention rule, states that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1).  Subsection (2), the mandatory abstention rule, adds:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).  Defendants only ask the Court to consider whether permissive abstention is appropriate here.

The Bankruptcy Appellate Panel for the Eighth Circuit has set out twelve factors to analyze when deciding a permissive abstention case. Williams v. Citifinancial Mortgage Co. (In re Williams), 256 B.R. 885 (B.A.P. 8th Cir. 2001).

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention,
> (2) the extent to which state law issues predominate over bankruptcy issues,
> (3) the difficult or unsettled nature of the applicable law,
> (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court,
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334,
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,
> (7) the substance rather than the form of an asserted 'core' proceeding,
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,
> (9) the burden [on] the bankruptcy court's docket,
> (10) the likelihood that the commencement of the proceeding involves forum shopping by one of the parties,
> (11) the existence of a right to a jury trial, and
> (12) the presence in the proceeding of nondebtor parties

Id. at 894. In applying these factors, the B.A.P. noted that courts should not lose sight of some guiding principles.

> Because the statute provides only general standards for determining whether abstention is appropriate, i.e., 'in the interest of justice, or … comity,' courts have been guided by 'well developed notions of judicial abstention,' which include the premise that federal courts should exercise their jurisdiction if it is properly conferred and that abstention is the exception rather than the rule.

Id. at 893–94.  This Court applied this 12-factor analysis in a case in 2018.  Ruba v. First Dakota Nat'l Bank, et al (In re Bailey Ridge Partner, LLC), 2018 WL 921968 (Bankr. N.D. Iowa, Feb. 15, 2018).  In that case, the Court also noted:

> Courts should apply these factors flexibly as their relevance and importance will vary depending on the specific facts of each case and no one factor is determinative.  Kesar Enters, Inc. v. State Bank of Tex. (In re Kesar Enters, Inc.), 330 B.R. 756, 761 (Bankr. W.D. Mo. 2005).  In general, "Where a state court proceeding sounds in state law and bears a limited connection to [a] debtor's bankruptcy case, abstention is particularly compelling." In re Koperski, 540 B.R. at 402 (quoting Nat'l Union Fire Ins. Co. v. Titan Energy (In re Titan Energy, Inc.), 837 F.2d 325, 332 (8th Cir. 1988)).

Id. at *2.

The Court concludes that abstention is warranted in this case under the above-noted authority.  The following factors from the 12-factor test supports the Court's decision: (1) Bushman's success or failure in this case could have some impact on the administration of the estate, but it would be small, (2) all causes of action alleged in this case sound in state law, (5) the entire basis of original jurisdiction in this case lies in the bankruptcy filing, (6) the case against McDermott Oil is essentially independent from the bankruptcy case, (7) this is not a core bankruptcy proceeding, (8) it is feasible and easy to sever this case from the remainder of the bankruptcy proceeding—the state court could establish the value of Bushman's claim to be applied in this Court, and (12) McDermott Oil is an entity unrelated to the bankruptcy proceeding.

9

Bushman asserts only generic efficiency concerns as the basis for this Court not to abstain. Though it will be slightly less efficient to remove this case to state court and have it return for enforcement, this is not so burdensome as to overcome the factors in support of abstention.

The purposes of the permissive abstention section are better served by abstaining in this case. Section 1334(c)(1) sets out three justifications for abstaining from hearing a case: (1) abstention is "in the interest of justice," (2) to promote "comity with State courts," and (3) out of "respect for State law" and state courts' function as the primary arbiters of state law. The third of these reasons seems particularly relevant here. All of Bushman's causes of action are matters of state law. If possible, the Iowa courts are the more appropriate entities to decide any issues of interpretation that may arise in the course of litigation. "[W]here a state court proceeding sounds in state law and bears a limited connection to debtor's bankruptcy case, abstention is particularly compelling." Bailey Ridge, 2018 WL 921968 at *2 (citing In re Titan Energy, 837 F.2d at 332). For these reasons, the Court finds that abstention is appropriate in this case.

### C. Transfer

Finally, Bushman argues that if this Court finds that it lacked jurisdiction or that abstention is appropriate, the Court should transfer this case to the Iowa District Court for the Seventh Judicial District in Jackson County. Bushman is

partially motivated by concerns the statute of limitations may have expired on one or more of its causes of action since this adversary case was filed. Stillmunkes and McDermott Oil provide some token opposition to this request. They suggest that any litigation of this case will only serve to reduce the bankruptcy payout for unsecured creditors (including Bushman) by increasing administrative expenses which will be paid out of the estate at a higher priority. However, the interests of justice dictate that Bushman should be allowed its day in court. This is particularly true given the fact this Court finds permissive abstention to be applicable. That doctrine relies heavily on the idea that the claim is better determined in State court. If this Court turned around and exposed Bushman to immediate dismissal on statute of limitation grounds, that rationale would be meaningless. The Court finds that granting relief from the stay and transferring the case to the appropriate Iowa District Court best serves the interests of fairness and justice.

## CONCLUSION

**WHEREFORE**, the Court decides that it has "related to" jurisdiction under 28 U.S.C. § 157(c)(1) in this case.

**FURTHER,** the Court decides that this is an appropriate case to use this Court's discretionary abstention power in § 1334(c)(1) to decline to hear the case.

**FURTHER,** the Court decides that it is in the best interests of justice to provide transfer of this adversary case to the Iowa District Court for the Seventh Judicial District in Jackson County.

Dated and Entered:  April 30, 2020

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE